IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ASHLEY ALTICK,                   §
    Plaintiff,                   §
                            §
v.                               §
                            §   Case No. 3:25-cv-00463-K
AMERICAN HOME PROTECT LLC,        §
*et al.*,                         §
    Defendants.                  §

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Ashley Altick's Motion for Leave to Amend Plaintiff's Response to Defendants' Request for Admission No. 1[1] and Motion to Supplement Her Deposition Errata Page (ECF No. 57) and the parties' Joint Report Regarding Discovery Motion Conference (ECF No. 62). As stated on the record at the hearing on April 15, 2026, the Court DENIES Defendant's request to strike Plaintiff's deposition errata page as untimely and DENIES Plaintiff's request to amend her deposition errata page.

### *Background*

Plaintiff sued her former employers, American Home Protect (AHP) and Porch.com (Porch), and supervisor, Corinne Maples, alleging that she was terminated in retaliation for engaging in protected activity under Title VII, the

---

[1] As a result of the parties' second discovery conference, Defendants "are now unopposed to Plaintiff's request to amend her response to Defendant's request for admission no. 1." Sec. JSR at 1 (ECF No. 62). Thus, only Plaintiff's request to amend her deposition errata is at issue in Plaintiff's motion.

Equal Pay Act, the Sarbanes-Oxley Act (SOX), and the Consumer Finance Protection Act (CFPA). Sec. Am. Compl. at 2, ¶¶ 10–11 (ECF No. 25). Plaintiff worked part-time as in-house counsel for AHP and Porch. *Id.* at 5, ¶ 25. In August 2022, Plaintiff performed significant legal work in response to an inquiry issued to AHP from the Federal Trade Commission (FTC). *Id.* at 5, ¶ 26. And in January 2023, AHP received another FTC inquiry. *Id.* at 6, ¶ 31.

After receiving the second inquiry, Plaintiff "reported to management her concerns that certain business practices would cause AHP and Porch to overstate their revenues, understate liabilities or otherwise misrepresent their financial statements." *Id.* at 6, ¶ 32. Plaintiff shared that she believed these alleged business practices "would also constitute deceptive practices against consumers pertaining to home warranty products and services." *Id.* Plaintiff also reported "her concerns about paying a female employee less than a male peer." *Id.* at 7, ¶ 36. Plaintiff alleges that she followed up on her reported concerns on numerous occasions. *Id.* at 7–8, ¶¶ 37–43; *see also id.* at 9, ¶¶ 48–51.

After responding to the FTC inquiries, Plaintiff was placed on a performance improvement plan due to her alleged "lack of leadership, communication, prioritization, . . . and failure to meet critical deadlines." *Id.* at 8, ¶ 47. Defendants terminated Plaintiff's employment on April 20, 2023, due to her performance. *Id.* at 9, ¶ 52. Plaintiff subsequently filed her SOX and CFPA complaint with OSHA, which ultimately found in Plaintiff's favor. *Id.* at 10, ¶¶ 60–61. Defendants objected to the OSHA determination, and Plaintiff filed the present action. *Id.* at 12, ¶ 68.

Defendants deposed Plaintiff on December 16, 2025. Pl.'s Mot. to Amend Dep. Errata at 3 (ECF No. 57). At her deposition, Defendants' counsel asked Plaintiff: "Do you believe that anyone at AHP or Porch retaliated against you for making [the October 2022] report to [the Human Resources Business Partner]?" to which Plaintiff responded, "I do not." *Id.* at 9. Following Plaintiff's deposition, Defendants produced an investigative file related to Plaintiff's reports of alleged wrongdoing, which prompted Plaintiff to "believe[ ] that her answer to that question is incorrect." *Id.* Plaintiff admits that her "deposition answer was correct at the time she gave it—based on the information then available to her." *Id.* at 10. However, she argues that "[n]ow that new information has been produced that makes it clear that her answer is no longer correct, this would be an appropriate circumstance to allow [her] to supplement her Errata page to correct this testimony." *Id.* Defendants oppose Plaintiff's request to amend her deposition errata page.

### *Legal Standards and Analysis*

Federal Rule of Civil Procedure 30(e) provides 30 days after being notified that a deposition transcript is available in which "to review the transcript [and] if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1). The Fifth Circuit "has held that 'Rule 30(e) does not provide any exceptions to its requirements,' including the 30-day time period." *Setliff v. Zoccam Techs., Inc.*, 344 F.R.D. 14, 17 (N.D. Tex.

3

2023) (quoting *Reed v. Hernandez,* 114 F. App'x 609, 611 (5th Cir. 2004) (per curiam)).

    1.  Defendants' Motion to Strike Plaintiff's Deposition Errata Page as Untimely

In the Second Joint Status Report, Defendants—for the first time—move to strike Plaintiff's deposition errata page as untimely. Sec. JSR at 8 (ECF No. 62). Plaintiff received notification of her deposition transcript "on January 8, 2026, making her corrections due on or before February 7, 2026 (a Saturday)." *Id.* Plaintiff states that she submitted her deposition errata page on February 9, 2026, the Monday following the 30-day deadline pursuant to Fed. R. Civ. P. 6(a)(1)(C). *Id.* at 6; *see also* Fed. R. Civ. P. 6(a)(1)(C) (providing that if a deadline falls on "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

Plaintiff's deposition errata page is timely. Rule 6(a) expressly states that it applies when "computing *any* time period specified in [the Federal Rules of Civil Procedure]." Fed. R. Civ. P. 6(a) (emphasis added). Therefore, by its plain language, Rule 6 applies to the 30-day deadline set forth in Rule 30(e).

In support of its argument, Defendants cite to *Allamon v. Acuity Specialty Prods., Inc.,* 877 F. Supp. 2d 498 (E.D. Tex. 2012). In *Allamon,* the court reporter erroneously labelled the deposition as "waived" and granted the parties "an additional 30 days to read and sign the deposition and instructed the parties that any Errata sheets were due on April 9, 2011, which was a Saturday." *Allamon,* 877 F. Supp. 2d at 505. The deponent alleged, without any supporting evidence, that

she received an additional one-week extension. *Id.* However, the deponent did not return the errata until "April 14, 2011, the same day she filed her response" to a motion for summary judgment. *Id.* The court sustained the movant's objection to the errata page as untimely because the movant did not have notice that the deponent "would be filing her Errata after the April 9, 2011[,] deadline or of any alleged one-week extension of the deadline." *Id.*

*Allamon* is distinguishable from the present case. Although Defendants correctly note that the *Allamon* court did not apply Rule 6(a) to the deponent's errata deadline, Rule 6(a) was inapplicable in *Allamon* because the deponent filed her errata page beyond the Monday following the Saturday deadline. In other words, the errata page in *Allamon* was untimely regardless of whether Rule 6(a) applied.

Accordingly, the Court DENIES Defendants' request to strike Plaintiff's deposition errata page as untimely.

2. Plaintiff's Motion to Amend Her Deposition Errata Page

The Court also DENIES Plaintiff's motion to amend her deposition errata page outside the 30-day period prescribed by Rule 30(e). As previously stated, the Fifth Circuit has held that "Rule 30(e) does not provide any exceptions to its requirements." *Reed,* 114 F. App'x at 611. In support of her motion, Plaintiff cites *Setliff v. Zoccam Techs., Inc.,* 344 F.R.D. 14, 20 (N.D. Tex. 2023) for the proposition that "[u]nder appropriate circumstances, a district court may extend the thirty-day deadline." Sec. JSR at 7 (ECF No. 62). Plaintiff argues that

"appropriate circumstances" in this case justify amending her deposition errata page because Defendants produced additional documents after her deposition which alters a single response in her deposition. *Id.*

*Setliff* does not aid Plaintiff's position. The primary issue in *Setliff* is the limit on the nature of changes a witness may make to the substance of her testimony—not timeliness. *Setliff*, 344 F.R.D. at 18–19. Although the *Setliff* court notes that a district court may extend Rule 30(e)'s 30-day deadline under appropriate circumstances, the court also stated: "While courts retain the authority to enforce the amendment window strictly, *we leave the matter to their sound discretion* to determine if and when extension of the time limit is appropriate." *Id.* at 20 (quoting *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 266 n.12 (3d Cir. 2010)) (emphasis added). And as Defendants correctly highlight, the "appropriate circumstances" in *Setliff* "was an agreement from the opposing party to extend the deadline." Sec. JSR at 9 (ECF No. 62); *Setliff*, 344 F.R.D. at 21 (finding that the other party consented to submission of deposition errata page beyond the 30-day time period). Thus, *Setliff*'s discussion of timeliness is dicta and is not determinative of this matter.

Plaintiff also cites an unpublished case from the Eastern District of Texas to support her position. Sec. JSR at 7 (ECF No. 62) (citing *Secure Wi-Fi v. Samsung Elecs. Co., Ltd.*, 2025 WL 3720579, at *1 (E.D. Tex. Dec. 23, 2025)). This case recognized that "[t]he traditional view of Rule 30(e) also affords the Court discretion to permit changes submitted after the 30-day period when the delay is

reasonable." *Secure Wi-Fi,* 2025 WL 3720579, at \*1 (quoting *Realtime Data, LLC v. Packeteer, Inc.,* No. 6:08-cv-00144-LED-JDl, ECF No. 709 at 2 n.2 (E.D. Tex. Nov. 19, 2009)). However, the court found "that the untimeliness of the errata and lack of reason provided by [the movants] is dispositive in this instance." *Id.* Thus, the court declined to exercise its discretion and denied the movant's request to submit a deposition errata outside Rule 30(e)'s 30-day deadline. *Id.* at \*1–2. Plaintiff does not cite any case permitting a deponent to submit a deposition errata page beyond Rule 30(e)'s 30-day window due to newly produced documents.

Plaintiff's deposition answer does not necessarily preclude a question of fact at the summary judgment stage. And Plaintiff will have the opportunity to explain her reasoning for having a different answer to the deposition question if this case proceeds to trial.

In conclusion, the Court DENIES Plaintiff's motion to amend her deposition errata.

### *Conclusion*

The Court DENIES Defendants' request to strike Plaintiff's deposition errata as untimely and DENIES Plaintiff's request to amend her deposition errata sheet (ECF No. 57).

**SO ORDERED on** April 23, 2026.

---

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE